**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTÉ POINTER, Esq. SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY LITTLER, an individual; and PETER CID, an individual, | Case No.: |
| | COMPLAINT FOR DAMAGES |
| | (42 U.S.C. Section 1983 and pendent tort claims) |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| BAY AREA RAPID TRANSIT DISTRICT, a municipal corporation; and DOES 1-50, Inclusive, | |
| Defendants. | |

**INTRODUCTION**

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating the Fourth Amendment under the United States Constitution and state law in connection with the unlawful detention, arrest and excessive force used against EMILY LITTLER and PETER CID.

2. On the evening of October 11, 2013, Plaintiffs EMILY LITTLER and PETER CID were returning home and exiting the 16th Street BART Station when

Complaint for Damages                                                                                  1

Mr. CID became involved in a verbal dispute with a B.A.R.T. employee. The BART employee ultimately struck Mr. CID in the face. While the dispute was going on, a stranger groped Ms. LITTLER's buttocks, prompting her to seek the assistance of B.A.R.T. Police Officers. Instead of responding to Ms. LITTLER's pleas for help, B.A.R.T. Police Officers assaulted Ms. LITTLER. Video footage of the incident shows an Officer violently pulling Ms. LITTLER's arms behind her back, while two additional male officers pinned her to the ground. Outrageously, despite not having committed any criminal acts, both Ms. LITTLER and Mr. CID were arrested and hauled off to jail. No charges were brought against them and it does not appear that the B.A.R.T. Police Officers were disciplined. Ms. LITTLER suffered a broken wrist as the result of the officers' heavy-handed tactics.

## JURISDICTION

3.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of San Francisco, San Francisco County, California, which is within this judicial district.

## PARTIES

4.  Plaintiff EMILY LITTLER (hereinafter "LITTLER") is all times herein mentioned a natural person, California resident and United States citizen.

5.  Plaintiff PETER CID (hereinafter "CID"), is at all times herein mentioned was a natural person, California resident and United States citizen.

6.  Defendant BAY AREA RAPID TRANSIT DISTRICT (hereinafter "B.A.R.T.") is at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, BAY AREA RAPID TRANSIT DISTRICT operates the Bay Area Rapid Transit

Complaint for Damages                                                                 2

District Police Department.

7. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff's counsel attempted to ascertain the identity of the involved officers by requesting a copy of the police report from the Bay Area Rapid Transit Police Department; however, there was no response from Bay Area Rapid Transit Police Department. Plaintiffs requested a copy of the police report from the San Francisco District Attorney's Office and their request was denied. Plaintiffs will amend this complaint to allege the individual B.A.R.T. Police Officers' true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California

law.  Plaintiffs filed administrative claims with the BAY AREA RAPID TRANSIT DISTRICT on March 26, 2014. Both claims were rejected on May 16, 2014.

## FACTS

12. On October 11, 2013, at approximately 9:30 p.m., Plaintiffs EMILY LITTLER and PETER CID were returning home via Defendant BAY AREA RAPID TRANSIT (B.A.R.T.) train.

13. Ms. LITTLER and Mr. CID were exiting the 16th Street Station in San Francisco when confronted by a yet-to-be-identified B.A.R.T. employee, who accused them of littering. Mr. CID and the B.A.R.T. employee engaged in a verbal argument. Ms. LITTLER and Mr. CID began walking up the stairs, however, the B.A.R.T. employee continued to yell at them and confronted Mr. CID.

14. Mr. CID and the B.A.R.T. employee were still engaged in a verbal dispute when a stranger grabbed Ms. LITTLER's buttocks, prompting her to go upstairs to find a B.A.R.T. police officer to assist her.  While Ms. LITTLER was upstairs the dispute between Mr. CID and the B.A.R.T. employee escalated and resulted in the B.A.R.T. employee attacking Mr. CID punching him in the face. When Ms. LITTLER returned with the yet-to-be-identified B.A.R.T. Police Officers, the Officers began taking statements from the two of them.

15. Then, another yet-to-be-identified B.A.R.T. Police Officer approached Ms. LITTLER from behind and grabbed her by the arm. Ms. LITTLER repeatedly asked the Officer not to touch her and reminded the Officers that she was the victim of crime. Nevertheless, the Officer threw her to the ground and onto her back.

16. Next, the male B.A.R.T. Police Officer straddled Ms. LITTLER and rolled her onto her stomach, knocking her glasses onto the ground. Videotape of the incident shows Ms. LITTLER was screaming in protest and crying out in

Complaint for Damages                                                                                    4

pain as two additional male officers pinned the barely 100 pound woman face down on the ground. Then it shows an Officer pulling her arms up and away from her body into unnatural position, hyper-extending her arms. As this was occurring an Officer used his legs to pin Ms. LITTLER's legs to the ground, while a third Officer pushed down on her shoulders. Adding insult to the couple's injuries they were both handcuffed and hauled off to jail.

17. As a result of the officers' unwarranted and excessive force, Ms. LITTLER's suffered a broken wrist, in addition to multiple contusions. She continues to experience physical and emotional damage from her injuries, over a year later. Tellingly, the District Attorney declined to pursue the bogus criminal charges against either Plaintiff.

18. Plaintiffs are informed and believe and thereon allege that BAY AREA RAPID TRANSIT DISTRICT and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline the involved officers. Their failure to discipline defendant officers and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

19. Plaintiffs are informed and believe and thereon allege that members of the Bay Area Rapid Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiffs EMILY LITTLER and PETER CID.

20. Plaintiffs are further informed, believe and therein allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the

constitutional rights of citizens who live in the San Francisco Bay Area-- defendant BAY AREA RAPID TRANSIT DISTRICT has long allowed its citizens, such as Plaintiffs EMILY LITTLER and PETER CID to be abused by its police officers, including DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

21. Plaintiffs are informed, believes and therein allege that BAY AREA RAPID TRANSIT DISTRICT Police Officers used excessive force against numerous B.A.R.T. patrons; as evidenced by numerous videotaped and publicized incidents of such activities and further that the BAY AREA RAPID TRANSIT DISTRICT has failed to discipline, or retrain any of the officers who used excessive force during the aforementioned separate incidents. The BAY AREA RAPID TRANSIT District's failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting false arrests and injuries is a proximate result of the BAY AREA RAPID TRANSIT District's failure to properly supervise its Police Officers.

22. Plaintiffs are informed, believe and therein allege that BAY AREA RAPID TRANSIT DISTRICT knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

### DAMAGES

23. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were physically, mentally, and emotionally injured and damaged as a proximate result of the actions of the Defendant officers.

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of Fourth Amendment - 42 U.S.C. §1983)**
(Plaintiffs Against DOES 1-25)

25. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 24 of this Complaint.

26. As set forth above, Plaintiffs were subjected to deprivation of rights by Defendants DOES 1-25, inclusive, acting under color of law of the United States and State of California and of the BAY AREA RAPID TRANSIT DISTRICT, which rights include, but are not limited to, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States.  By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of Plaintiffs, including those provided in the Fourth and Fourteenth Amendments to the U.S. Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*) – 42 U.S.C. section 1983)**
(Plaintiffs Against Defendant B.A.R.T. and DOES 26-50)

27. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1-26 of this complaint.

28. Plaintiffs are informed and believe and thereon allege that high-ranking BAY AREA RAPID TRANSIT DISTRICT officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the Bay Area Rapid Transit Police Department as a whole; evidenced by numerous instances of excessive force documented by the public.

29. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendant DOES 26-50, and/or each of them, approved, ratified,

Complaint for Damages                                                                                              7

condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

30. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the Bay Area Rapid Transit Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

31. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of BAY AREA RAPID TRANSIT DISTRICT police officers, including, but not limited to unlawful arrests and detentions not based on probable cause and instances of excessive force.

32. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking BAY AREA RAPID TRANSIT DISTRICT officials, including high ranking Bay Area Rapid Transit District Police Department supervisors DOES 26-50, Defendant DOES 1-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights. These right include, but are not limited to: the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution; the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Violation of Right To Enjoy Civil Rights)
(Violation of CALIFORNIA CIVIL CODE §52.1)
(Plaintiffs Against DOES 1 – 25)

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this complaint.

34. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Negligence)
(Plaintiffs Against DOES 1-25)

35. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 34 of this complaint.

36. At all times herein mentioned, Defendants and DOES 1 through 25, inclusive, breached a duty of reasonable care to avoid causing unnecessary physical harm and distress to Plaintiffs by their use of excessive force in arresting and/or detaining Plaintiffs. The wrongful conduct of Defendants, as set forth herein, breached the standard of care to be exercised by reasonable persons and proximately caused Plaintiffs to suffer injuries.

37. As a proximate result of Defendants' negligent conduct, Plaintiffs suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

38. The Defendant B.A.R.T. employee breached their duty of reasonable care when he yelled at Plaintiffs and provoked a confrontation. The Defendant employee further breached his duty of reasonable care when he struck Mr. CID in the face, in response to Mr. CID removing a hat from his head.

39. Defendant Officers breached their duty of reasonable care when they engaged in excessive force against Ms. LITTLER, who was not suspected of committing any crime and was not a threat to officers or the public. Officers breached their duty when they arrested Ms. LITTLER without probable cause. Officers breached their duty when they threw Ms. LITTLER to the ground and pulled her arms with such force that her wrist was fractured.

40. Plaintiffs were unarmed and posed no threat to Defendants. Defendants' above-described actions caused Plaintiffs to suffer severe emotional and mental distress and caused LITTLER to suffer a fractured wrist, bruising, swelling, and pain as a result of Defendants' actions.

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Battery)**
(Plaintiffs against DOES 1-25)

41. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint.

42. Defendants' above-described actions placed Mr. CID in fear of imminent harmful or offensive contact prior to being struck by the B.A.R.T. employee. Mr. CID was also placed in imminent fear of harmful or offensive contact when he witnessed his companion being attacked without cause.

43. Defendant B.A.R.T. employee injured Mr. CID when he struck him in the face.

44. Defendant Officers injured Ms. LITTLER when they threw her onto the ground, pinned her down with the force of three adult men and broke her wrist. As a proximate result of Defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(False Arrest and Imprisonment)**
(Plaintiffs against DOES 1-25)

45. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 44 of this Complaint.

46. Defendants intentionally deprived Plaintiffs of their freedom of movement by use of physical barriers, force, threats of force and menace.  Defendants restrained, confined, and detained Plaintiffs for appreciable time, without Plaintiff's consent. Plaintiffs were actually harmed; and Defendants' conduct was a substantial factor in causing the Plaintiffs' harm.

47. When the officers approached the Plaintiffs and threw LITTLER to the ground, neither Plaintiff felt free to leave.  Due to the Defendants' conduct Plaintiffs' were deprived of the ability to end the interaction with the officers.  After the officers began to physically attack LITTLER the Plaintiffs were further restrained from being able to end the encounter with the Defendants. The Defendant involuntarily detained the Plaintiffs' for an unwarranted amount of time.

48. Plaintiffs were then arrested without cause, furthering their confinement.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### JURY DEMAND

49.  Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

Complaint for Damages                                                                                          11

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794a;

6. For cost of suit herein incurred;

//

Dated: November 17, 2014          **LAW OFFICES OF JOHN L. BURRIS**

                                   /s/   Adantě D. Pointer
                                  ADANTE D. POINTER, Esq.