# ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

ATTORNEYS

180 Montgomery Street, Suite 1200  
San Francisco, California 94104

Telephone (415) 697-2000  
Facsimile (415) 813-2045  
E-Mail: dallen@aghwlaw.com

Our File No.:  
01752-50169

February 9, 2016

Hon. Judge Donna M. Ryu  
U.S. District Court – Northern District  
1301 Clay Street, Courtroom 4  
Oakland, CA 94612

Re: <u>Littler v. Bay Area Rapid Transit, et. al;</u>  
U.S. District Court Case No.: 4:14-cv-05072-DMR  
Joint Letter by the Parties re Dispute as to Production of Relevant Medical Records

Dear Judge Ryu:

Please find this Joint Letter by the parties in the above-referenced matter which asks for the Court's assistance in resolving a discovery dispute between the parties. The dispute regards the release of plaintiff Emily Littler's ("Ms. Littler") mental health records Defendants' contend are relevant to this lawsuit. Defendants' position is that Ms. Littler's mental health is at issue and therefore any privilege over those records is waived.

Plaintiff contends her private medical records and physician's notes are not discoverable by Defendants. She basis this position on her right to privacy and her stated intent to not use the records, any information contained therein or call any witnesses to testify at trial about the same. To that end, Plaintiff has also advised Defendants that she will limit whatever remaining portion of her emotional distress claim to "garden variety" emotional distress damages attendant to the type of injuries set forth in this lawsuit.

   1. <u>Overview</u>

Ms. Littler identified in her Rule 26 initial disclosure, (see: sub-sections (A)(4)(j), and (B)(2)), "[p]laintiff's counseling and psychological service providers for injuries attributable to the incident … Veronika Gold"; and, "[p]laintiff's treatment and billing records from Veronika Gold regarding the treatment received following the incident" as "documents … and tangible things that plaintiffs may rely on to support their claims," respectively. Veronika Gold ("Gold") is a licensed therapist in San Francisco, CA.

Plaintiffs First Amended Complaint [Doc. 19] includes a claim for, *inter alia,* "… severe emotional and mental distress...".  During her deposition on 12/09/2015, Ms. Littler testified that approximately two months after the incident she sought treatment from Gold for emotional and mental stress, for a period of "several months", due to the incident. Ms. Littler stated she has "anxiety" as a result of this incident. Ms. Littler described that her anxiety manifests itself with physical symptoms, i.e. "my body starts shaking, my heart beats faster, I get flushed, I tense

Littler v. Bay Area Rapid Transit, et. al
February 9, 2016
Page 2

up."[1] Ms. Littler did not foreclose the possibility that she would return to Gold for further treatment. Ms. Littler also described a past history of depression, which she said she treated with anti-depressant medication.

The instant dispute began when on 01/04/2016 Defendants emailed plaintiffs' counsel, Mr. Pointer, with an attached HIPAA document, and requested that Ms. Littler authorize the release her mental health treatment records identified in her Rule 26 disclosure. Defendants also subpoenaed Gold directly, seeking disclosure of the same. However, Gold refused to comply with the subpoena, citing therapist-patient privilege grounds. Defendants forwarded this letter to Mr. Pointer via email on 01/06/2016, with another request for Ms. Littler to execute the HIPAA document. On 01/12/2016 Defendants emailed Mr. Pointer a third time, with the HIPAA document attached, to request that Ms. Littler sign the release.

On 01/26/2016 Mr. Pointer first informed counsel for Defendants, Mr. Downs, that Ms. Littler refused to sign the HIPAA release. Mr. Downs and Mr. Pointer met and conferred that same day about the issue, and discussed their respective positions. Mr. Downs understood that Ms. Littler refused to sign the release out of privacy concerns. Mr. Downs later summarized his positions in an email to Mr. Pointer, and informed Mr. Pointer that Defendants would file a letter with the Court, if necessary, to resolve the dispute. On 01/27/2016 Mr. Downs and Mr. Pointer met and conferred by telephone about the issue, and again discussed their respective positions.

On 02/02/2016, Mr. Downs and Mr. Pointer met and conferred once more, by telephone, but were unable to resolve the issue. Per the Court's *Standing Order No.12*, the parties submit the following, required information with this Joint Letter to request the Court's assistance in resolving the above-described discovery dispute.

    2.    <u>Relevant Case Management Deadlines</u>

(1) Dispositive motion deadline – 3/24/2016; (2) Filing deadline for dispositive motions – 02/18/2016; (3) Non-Expert Discovery – 01/12/2016; (4) Expert Disclosure and Reports – 01/12/2016; (5) Rebuttal Experts and Reports – 01/26/2016; (6) All Expert Discovery – 02/09/2016; (7) Pre-trial conference – 5/25/2016; and (8)Trial date – 06/06/2016.

    3.    <u>The Parties' Positions</u>

    a.    Plaintiff's Position: Emily Littler's Mental Health is no Longer at Issue

As stated above, Plaintiff contends the records in dispute are not discoverable based upon her right to privacy and her declared intent to not present any evidence or argument at trial about

---

[1] In accordance with the Court's standing order, the parties do not attach any exhibits to this Joint Letter; however, relevant portions of the transcript of Ms. Littler's deposition can be made available should the Court require it.

79516.1

Littler v. Bay Area Rapid Transit, et. al
February 9, 2016
Page 3

seeking out and/or being treated by Gold or any financial liabilities arising out of that treatment. Plaintiff also declares that she will limit her emotional distress damages to "garden variety" type of emotional distress damages that are attendant to claims for false arrest and excessive force. *Verma v. American Express*, 2009 WL 1468720 at *2 (N.D. Cal. 2009) Plaintiff communicated her stated intent to the Defendants during the course of meeting and conferring about this issue.

      b.    *Defendants' Position: Emily Littler's Mental Health is at Issue*

Defendants' position is that they are entitled to the disputed records. The issue for this Court to resolve is whether under *Jaffe v. Redmond*, 518 U.S. 1 (1996), and its application in case law in this District, Ms. Littler has waived any psychotherapist-patient privilege. For the reasons set forth below, Ms. Littler has waived such privilege by placing her mental health at issue in this case. Thus, Defendants are entitled to her mental health records. Defendants rely on the rule expressed in *Valiavacharska*, *infra*, "[t]he applicable test for the disclosure of mental health records is not relevance but rather whether the plaintiff waived the doctor-patient privilege by putting her mental health at issue." *Valiavacharska v. Celaya*, 2011 WL 4479341 *2 (N.D. Cal 2011), (see also: *E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006); and, as stated in *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal 2012), a plaintiff "must affirmatively rely on psychotherapist-patient communications in support of her claim before the privilege is waived." Applying the "narrow" standard, (see: *Jaffe*, *supra*) here, Ms. Littler has placed her mental health "at issue" by affirmatively stating she may rely on such records, and on Gold's testimony, to establish her claim for "severe" emotional distress. Further, that Ms. Littler is claiming special and punitive damages puts her mental health at issue, something the courts take note of when determining whether mental health is at issue in a case (see: *Stallworth*, *supra*, at 445; see also: *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003)).

Defendants also rely on *Dornell v. City of San Mateo*, 2013 WL 5443036 (N.D. Cal. 2013). In *Dornell*, the court found that because the plaintiff had claimed "severe" emotional distress that was "ongoing" her mental health was at issue in the case, thus privilege had been waived. *Dornell*, *supra*, at *4. *Dornell* applied the 5-part test set forth in *Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D. Cal. 1995). Here, all but one of the *Turner* factors is met. Ms. Littler has affirmatively claimed "severe" emotional distress; described it specifically as "anxiety"; that anxiety is present and ongoing; and, that she may rely on her treating therapist, Gold, and her treatment records to establish that claim at trial. In *Valiavacharska*, *supra*, the court explained that "seeking treatment" is not enough to place emotional distress at issue, "but rather *attempting to introduce evidence* of such treatment" is the determinative fact. *Id.* at *3, emphasis in the original. Here, Ms. Littler has placed her mental health at issue. Defendants are entitled to disclosure of the disputed records.

      c.    *Defendants Position on the Issue of Narrowing Ms. Littler's Claim to 'Garden Variety'*

During meet and confer discussions, Mr. Downs and Mr. Pointer discussed the possibility

Littler v. Bay Area Rapid Transit, et. al
February 9, 2016
Page 4

of Ms. Littler limiting her emotional distress claims to 'garden variety' in order to avoid putting her mental health at issue. *Verma v. American Express*, 2009 WL 1468720 at *2 (N.D. Cal. 2009) allowed such a limitation. Defendants point out, however, that allowing such a limitation in this case, without the Court first viewing the records *in camera*, would be premature.

  Here, Ms. Littler testified at her deposition that she had a prior history of mental health treatment, including a history of taking anti-depressant medication. Ms. Littler denied that at the time of the incident she was taking any anti-depressant medication. If, however, the Gold treatment records indicate e.g. that Ms. Littler was taking or should have been taking anti-depressant medication at the time of the incident, such information goes to Ms. Littler's credibility, and is relevant to affirmative defenses raised in this case. Defendants would request that the Court view the disputed records *in camera* first, and submit to the Court's determination of their relevance.

  At her deposition, Ms. Littler testified she was not treating with Gold at the time of the incident and did not begin treating with her until approximately 2 months later.  The record is devoid of any evidence indicating she was treating and/or under the care of any medical provider at the time of the incident at bar.  Moreover, the issue for the jury to decide is whether Ms. Littler was properly detained and/or arrested and whether the force used against her was reasonable based upon the facts known to the Defendants at the time of the incident *not* whether she was under the care of mental health provider or her mental health history all issues/facts discovered post-incident. *Glenn v. Washington Cnty., 673 F.3d 864, 873 (9th Cir. 2011)*  4.

  <u>Attestation of Meet and Confer by Counsel</u>

  The undersigned counsel have met and conferred both in person and over the telephone regarding all issues discussed in this Joint Letter prior to its filing.

        Very truly yours,

        ALLEN, GLAESSNER,
        HAZELWOOD & WERTH, LLP

        /s/ *Dale L. Allen, Jr.*
        Dale L. Allen, Jr.

        LAW OFFICES OF JOHN L. BURRIS

        /s/ *Adante' D. Pointer*
        Adante' D. Pointer

DLA:dc

79516.1